Fremont-Smith, Thayer, J.
Plaintiff was granted leave to amend after his previous complaint was dismissed. His Wage Act claim was dismissed for lack of jurisdiction and his breach of contract claim for lack of specificity [26 Mass. L. Rptr. 101].
Plaintiffs latest amended complaint (the “complaint”) seeks recovery of compensation, under a theory of promissory estoppel, for his many weeks of unused vacation time while an employee of defendants from 1985 to 2007. Defendants move for dismissal under Rule 12(b)(6) for failure to state a claim for promissory estoppel.
Plaintiff alleges that he was promised on various occasions that he would “accrue” vacation time each year, the amount of vacation time each year being based upon his length of service, and that he therefore expected he would be paid for unused accrued vacation time, totaling 43.5 weeks or over $80,000 by the time he left the company in 2007. His complaint further alleges that, in reliance on these promises, he abstained from using all of his earned vacation in any given year. While it is a close question, the Court concludes that the third amended complaint does have sufficient factual specificity necessary to support such a cause of action under the standards of Iannachino v. Ford Motor Co., 451 Mass. 623 (2008).
“An essential element under the promissory estoppel theory is that there be an unambiguous promise and that the party to whom its promise was made reasonably relied on the representation.” Rhode Island Hosp. Trust Nat’l Bank v. Varadian, 419 Mass. 841, 848 (1995), quoting Pappas Indus. Parks, Inc. v. Psarros, 24 Mass.App.Ct. 596, 599 (1987). As stated in R.W. Bishop, Prima Facie Case §2.12, at 41-42 (5th ed. 2005), “[i]n order to recover in an action based upon this theory, the plaintiff must establish (1) that the promisor made a promise which he reasonably should expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise induced such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise ... Recovery under promissory estoppel is not dependent upon the existence of a formal offer as traditionally defined in contract law. Further, recovery requires no more than a promise upon which the promisee could reasonably have placed reliance, and attention is focused upon the reasonableness of that reliance. Moreover, the promisor becomes liable only if the promisee suffers substantial detriment and only if injustice would result if the promise were not enforced.”
At least since 1996, the defendants did have a “vacation policy” to reimburse a departing employee with unused accrued vacation when he left the company. While defendants contend that the policy did not permit a carry-over of vacation accrued in one year to following years, the complaint alleges that this limitation was never communicated to plaintiff when he inquired, over the years, as to how much vacation time he was accruing.
Although the Court has previously determined that the Wage Act is inapplicable here because plaintiff worked primarily abroad (Docket #14), industry practice, as indicated by Advisory 99 of the Attorney General’s Labor Division, requires that an employer whose policy is (as here) to compensate employees for unused accrued vacation time notify employees of any “use it or lose it” limitation on the accrual of such time. *444 The Court concludes that a reasonable jury could find that the company’s promises to plaintiff of the accrual of vacation time, in the circumstances here, were sufficiently unambiguous so that a jury could find that plaintiff reasonably relied thereon in foregoing his use of all such vacation time. A jury could find that he had more than just “a well-founded hope” that he would be paid for his accrued vacation time. Cf. Hall v. Horizon House Microwave, Inc., 24 Mass.App.Ct. 84, 93-94 (1987).
ORDER
For the above reasons and the reasons stated in plaintiffs memorandum in opposition and at oral argument, defendants’ motion to dismiss is DENIED.